```
              IN THE UNITED STATES DISTRICT COURT
               FOR THE SOUTHERN DISTRICT OF OHIO
                         EASTERN DIVISION

Tina E. Lenker,

        Plaintiff,

        v.                              Case No. 2:04-cv-523

National Service
Industries, Inc., dba
Atlantic Envelope Company,

        Defendant.
```

ORDER

This matter is before the court on plaintiff's motion for reconsideration of the order (Doc. #80) entered by the magistrate judge on March 9, 2006, denying plaintiff's motion pursuant to Fed.R.Civ.P. 56(f) for a stay of summary judgment proceedings pending further discovery.

In her second amended complaint, plaintiff alleges that defendant breached a written contract which required defendant to pay her a commission on sales made by plaintiff in her territory. Plaintiff alleges that defendant was required to pay her commissions based on actual profit margins, whereas defendant contends that the contract only required the payment of commissions based upon estimated profit margins. On December 23, 2005, defendant filed a motion for summary judgment. In that motion, defendant makes two legal arguments concerning contract interpretation. Defendant argues that the contract calls for the calculation of commissions based upon defendant's estimated profit margins, not the actual profit margins, and further that the contract did not require defendant to pay commissions according to commission schedules, but instead permitted defendant to choose

between paying according to the schedule or by some other method.

On January 27, 2006, plaintiff filed a motion under Rule 56(f) to stay summary judgment proceedings and to permit further discovery. Plaintiff sought discovery of evidence relating to defendant's actual profit margins. In a separate order (Doc. #81) filed on March 9, 2006, the magistrate judge found that the evidence sought by plaintiff was relevant to the issue of damages in the event that the court agreed with plaintiff's interpretation of the contract, and granted plaintiff's motion to compel disclosure of this evidence. However, the magistrate judge also concluded that the additional discovery sought by plaintiff was not needed to resolve the two issues of contract interpretation raised by the motion for summary judgment.

The court agrees with the conclusion of the magistrate judge that the discovery sought by plaintiff is not required to respond to the motion for summary judgment. The motion for summary judgment is based on legal arguments of contract interpretation, not factual issues. Plaintiff indicates that the evidence of actual profits may demonstrate that the commission payments paid to her were not accurate even if the estimated margin is found to be the standard called for by the contract, and that the contract required defendant to act in good faith in estimating its profit margins. However, as held by the magistrate judge, whether the contract required defendant to act in good faith is a legal issue of contract interpretation. The magistrate judge further noted that defendant has not argued in its summary judgment motion that it is entitled to summary judgment because it acted in good faith, and therefore summary judgment cannot be granted on the issue of

whether defendant calculated the commissions in good faith in any event.

The issue of whether plaintiff was actually paid the correct amount under either standard advocated by the parties is beyond the scope of the issues raised in the summary judgment motion.  The questions of which standard defendant was required to use under the contract language in calculating plaintiff's commissions, and whether the defendant's calculations were correct under either standard, are separate questions.  Only the first is raised in the summary judgment motion.  If the question of contract interpretation is resolved on summary judgment, then the next step will be for plaintiff to prove at trial that defendant failed to pay her the amount of commission required by the contract, as interpreted.

Plaintiff's motion for reconsideration of the magistrate's order denying a stay under Rule 56(f) is denied.

Date: March 23, 2006            s\James L. Graham
                                James L. Graham
                                United States District Judge