IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION


Tina E. Lenker,                        :

          Plaintiff,                   :

     v.                                :      Case No. 2:04-cv-0523

National Service Industries,          :      JUDGE GRAHAM
Inc. dba Atlantic Envelope
Company,                               :

          Defendant.                   :

ORDER

     This case is again before the Court to consider issues
relating to plaintiff's request to discover information
concerning the net margins earned by defendant National Service
Industries on her customer accounts.  The Court assumes
familiarity with its prior discovery orders relating to this
issue, and will explain in this order only the current dispute.

     Previously, the parties disputed whether accounting
information which might permit either Ms. Lenker or an expert
witness to calculate net margins on various accounts was relevant
to the issues in this case.  Finding that it was, the Court
ordered Defendant National to produce that information.  In
response, National produced, in electronic form, all of its
general ledger information for the years in dispute.  It contends
that Ms. Lenker or her experts are capable of making assumptions
about how to allocate general overhead expenses to individual
accounts and to create various scenarios as to the actual net
margin, but that National has never, and still cannot, make that
calculation to any reasonable degree of certainty.

     In response, Ms. Lenker points out again that, at a
settlement conference, National produced documents which

calculated such margins using its internal computer system (the BaaN System described in the prior discovery order).  Ms. Lenker complains that she was not given access to that system and that either she should be given access to the system so she can do the calculation which National proved itself capable of doing, or it should be ordered to provide an answer to her interrogatory about net margins by performing the calculations.

The record before the Court with respect to this issue consists largely of the affidavits and deposition excerpts attached to National's responsive memorandum.  Those documents show that although the BaaN System can be used to calculate net margins, it does not contain the necessary variables to do so. Rather, those variables must be inputted by a person who makes certain assumptions about how general administrative expenses ought to be spread along various customers.  Once those assumptions are made, the BaaN system appears to be capable of taking general ledger information and producing the types of reports which National used at the settlement conference as an effort to estimate those costs for purposes of determining whether the case could be resolved.  The Court must accept National's representations concerning the way in which the BaaN System operates as true given the absence of any evidence in the record to the contrary.

Assuming that National's description of the BaaN system is correct, its production of general ledger information in electronic form, together with whatever other information it has previously produced concerning sales to Ms. Lenker's customers, is sufficient to satisfy the discovery requests propounded to it. First, it is apparent that National does not possess any documents other than those specifically created for the settlement conference which shed light on its actual net margins on an individual customer basis.  National has sworn that it has

2

never been able successfully to come up with an accurate calculation of those margins, and the underlying documentation from which such a calculation could be made is simply the general ledger information which it has already produced.  Second, National has asserted that it simply cannot answer the interrogatory propounded to it because it does not know what the net margins are with respect to the accounts in question.  Again, it has sworn to that answer, and although it might be able to make estimates of those margins, a party is not required to provide previously non-existing estimates of such information in response to interrogatories.  If National has not previously calculated those numbers and cannot calculate them to any degree of accuracy, it is not required to provide a sworn interrogatory answer concerning those figures.

This is not to say, however, that National can legitimately withhold from Ms. Lenker any information which it may ultimately present at trial concerning these calculations.  The Court assumes that either through retained expert testimony or through its own internal experts, National may well present at trial information representing its "best guess" as to net margins on various accounts if it appears that the Court will permit Ms. Lenker to proceed to trial on her theory that she was entitled to a percentage of those margins under the parties' contract.  Any details of that calculation must necessarily be disclosed to Ms. Lenker in sufficient time for her and her expert witnesses to be able to evaluate the methods used and to be able to respond.  In the interim, it appears that, even without access to the BaaN System, Ms. Lenker ought to be able to utilize standard computer software and assumptions about how overhead is appropriately spread among individual accounts to do her own net margin calculation.  If she is lacking any underlying financial information which would permit her to make that calculation, that

is a matter which may well be remedied either through other prior discovery requests or an additional request for information, but it cannot be remedied through the current motion to compel.

Based upon the foregoing, plaintiff's motion to compel (#90) is denied.

Any party may, within ten (10) days after this Order is filed, file and serve on the opposing party a motion for reconsideration by a District Judge.  28 U.S.C. §636(b)(1)(A), Rule 72(a), Fed. R. Civ. P.; Eastern Division Order No. 91-3, pt. I., F., 5.  The motion must specifically designate the order or part in question and the basis for any objection.  Responses to objections are due ten days after objections are filed and replies by the objecting party are due seven days thereafter. The District Judge, upon consideration of the motion, shall set aside any part of this Order found to be clearly erroneous or contrary to law.

This order is in full force and effect, notwithstanding the filing of any objections, unless stayed by the Magistrate Judge or District Judge.  S.D. Ohio L.R. 72.4.


                                        /s/ Terence P. Kemp
                                        United States Magistrate Judge